**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**
**KANSAS CITY DIVISION**

| | |
|---|---|
| Jayme Richardson<br>8202 W 127th Place<br>Overland Park, KS 66213<br><br>     Plaintiff,<br><br>v.<br><br>Benchmark Recovery Inc<br>c/o Incorp Services, Inc, Registered Agent<br>3900 SW 40th Terrace<br>Topeka, KS 66610<br><br>     Defendant. | Case No.: 09-CV-2602<br><br>Judge: JWL/JPO<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around August 5, 2009, Defendant telephoned Plaintiff.

8. During this communication, Defendant threatened to sue Plaintiff unless the debt was paid.

9. On or around August 7, 2009, Defendant telephoned Plaintiff and left a voice message.

10. During this communication, Defendant falsely represented that Defendant was preparing to file a lawsuit against Plaintiff.

11. On or around September 10, 2009, Defendant telephoned Plaintiff.

12. During this communication, Defendant threatened to file a judgment against Plaintiff if the debt was not paid.

13. During this communication, Defendant threatened to attach Plaintiff's assets if the debt was not paid.

14. At the time of these communications, Defendant had neither the intent nor ability to sue Plaintiff.

15. At the time of this communication, Defendant had neither the intent nor ability to attach Plaintiff's assets.

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:     /s/ Keith Wellman____
Keith Wellman (Bar No. 22813)
1125 Grand, Suite 916
Kansas City, MO 64106
Tel:  866-339-1156
Fax: 1.312.822.1064
Email:  kaw@legalhelpers.com
*Attorney for Plaintiff*